# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELA BAILEY,**

      **Plaintiff,**

**v.**                                                        **Case No: 6:23-cv-797-CEM-EJK**

**AMTRUST NORTH AMERICA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Amended Motion to Strike Plaintiff's Demand for Jury Trial (the "Motion"), filed November 10, 2023. (Doc. 38.) Plaintiff, proceeding *pro se*, responded in opposition. (Doc. 40.) Defendant then filed an allowed reply. (Doc. 46.) Therefore, the matter is ripe for review. Upon consideration, I respectfully recommend that the Motion be granted.

### I. BACKGROUND

Plaintiff's operative Third Amended Complaint sues Defendant AmTrust North America, Inc., pursuant to Title VII of the Civil Rights Act of 1964, for employment discrimination and retaliation on the basis of her race, gender, and age, as well as for subjecting her to a hostile work environment. (Doc. 33.) Plaintiff, an African American female over 40 years old, worked for Defendant from 2017 until July 2022, in the claims department. (*Id.* ¶¶ 4, 6.)

Relevant here, Defendant moves to strike Plaintiff's demand for jury trial in her Third Amended Complaint. (Doc. 38.) Defendant contends that Plaintiff waived her right to a jury trial when she executed the "AGREEMENT TO BRING CLAIMS IN SHORTENED TIME PERIOD AND WAIVE RIGHT TO JURY TRIAL" ("Jury Trial Waiver") on May 3, 2017. (*Id.* at 1, 14 (attaching agreement).) The form is one page, as follows:

> **AGREEMENT TO BRING CLAIMS IN SHORTENED TIME PERIOD AND WAIVE RIGHT TO JURY TRIAL**
>
> *IMPORTANT PLEASE READ CAREFULLY BEFORE SIGNING*
>
> I agree that in exchange for consideration for at-will employment at AmTrust North America, Inc. ("the Company"), I shall file any lawsuit (and all claims that could be included in that lawsuit) against the Company or any of its managers, agents, or other employees, relating to my application for employment, employment, or separation of employment, within six (6) months after the date of the action or event that is the subject of my lawsuit or the date I sign this Agreement, whichever is longer. I further agree that any such lawsuit shall be exclusively heard by a judge (without a jury), and that I knowingly and voluntarily waive my constitutional right to a jury trial. I understand that these provisions do not prevent me from filing a charge with or participating in any investigation conducted by any federal, state, or local government agency.
>
> I UNDERSTAND THAT I AM AGREEING TO WAIVE MY CONSTITUTIONAL RIGHT TO A JURY TRIAL AND TO FILE ANY LAWSUIT REGARDING ANY EMPLOYMENT DISPUTE AGAINST THE COMPANY OR ITS MANAGERS, AGENTS, AND EMPLOYEES NO LATER THAN SIX MONTHS AFTER THE ACTION OR EVENT THAT IS THE SUBJECT OF THE DISPUTE OR THE DATE I SIGN THIS AGREEMENT, WHICHEVER IS LONGER. IF ANY PORTION OF THIS SHORTENED PERIOD TO BRING CLAIMS AND JURY TRIAL WAIVER IS FOUND BY A COURT TO BE UNENFORCEABLE, THE REMAINING PORTIONS OF THIS SHORTENED PERIOD TO BRING CLAIMS AND JURY TRIAL WAIVER WILL REMAIN VALID AND BE ENFORCED. I UNDERSTAND THAT IF I DO NOT AGREE TO THIS PROVISION I SHOULD NOT APPLY FOR EMPLOYMENT WITH THE COMPANY AS THIS IS A REQUIRED TERM OF EMPLOYMENT FOR ALL EMPLOYEES.
>
> ☑ Yes, I agree.    ☐ No, I do not agree.
>
> ☑ **Signature** Angela Bailey 5/3/2017 7:36 PM
> Checking the checkbox above is equivalent to a handwritten signature.

(*Id.* at 14.)

Plaintiff does not dispute the existence of the aforementioned agreement. (Doc. 40.) Rather, Plaintiff states that she executed a "Transfer Confirmation" letter in January 2020, which constituted a new employment contract between Plaintiff and Defendant. (Doc. 40-1 (attaching letter).) The Transfer Confirmation confirmed Plaintiff's position as a "Technical Claims Director, E&S in the Claims department" and further stated, in pertinent part, that it "replace[d] any prior understandings, offers or agreements, whether oral, written or implied, between you and the Company, regarding the terms of your employment or the matters described in this letter." (*Id.*) It is set forth as follows:



Angela Bailey

Re: Transfer Confirmation

Dear Angela Bailey:

On behalf of AmTrust North America, Inc. (together with its successors and assigns, the "Company"), I am pleased to confirm your position as Technical Claims Director, E&S in the Claims department, reporting directly to Mary Prugh. Your transfer date will be 2/2/2020 under the following terms:

1. Compensation

    a. Base Pay

        The Company will compensate you at a rate of ▇▇▇▇▇, less all applicable federal, state, and local deductions, in accordance with the Company's regular bi-weekly payroll practices. This position is at-will and is exempt under federal wage and hour law, which means you will not be eligible for overtime pay for hours worked in excess of 40 hours in a workweek.

    b. Additional Compensation

        Discretionary Bonus

        Each calendar year, based on your position, you may be eligible to be considered for payment of a discretionary bonus. Whether a bonus is paid and the amount of the bonus, if any, will be determined by the sole discretion of the Company. Your bonus, if any, will be payable provided you remain an active employee as of the date on which the bonus is paid.

        The Company may, at its option, pay any such discretionary bonus in a combination of cash and up to 50% in an award under an annual incentive plan, which may be payable in cash or an equity instrument. The issuance and terms of any such award would be governed by the annual incentive plan and subject to the terms of an award agreement.

    c. Benefits
        You will retain your current PTO balance earned in accordance to the Company's PTO Policy. Company employees who work 30 or more hours per week are benefits eligible and an overview of your current benefits is viewable in Workday. For more information regarding the Company's Benefits Policy, please see the Company's Employee Handbook – Section 2 and feel free to reach out to the AmTrust Employee Center (AEC) with any specific questions.

2. Restrictions
    This confirmation letter replaces any prior understandings, offers or agreements, whether oral, written or implied, between you and the Company, regarding the terms of your employment or the matters described in this letter.

3. Office
    You will be based at the Company's Maitland, FL location and will be expected to travel as required by your position's responsibilities.

4. At-Will Employment
    Reminder that this confirms your at-will employment and both you and the Company may end your employment at any time and for any reason. Neither this letter nor any other oral or written representations may be considered a contract of employment with the Company.
    By signing below, you agree to the terms and conditions of this intercompany transfer. Failure to sign may result in the delay in your transfer date or the termination of this transfer process.
    We look forward to your continued contribution to the organization in your new position.
    Sincerely,

Amy Hall
Senior Vice President, Human Resources
CC: Alisa Sohn

I agree to the terms set forth above.

           (checking the checkbox above is equivalent to a handwritten signature)

I agree to the terms set forth above.

           (checking the checkbox above is equivalent to a handwritten signature)

(Doc. 40-1.) The Transfer Confirmation was purportedly signed by Plaintiff and Defendant[1] and does *not* contain a jury waiver provision. Defendant contends that the

---

[1] While it is unclear from the face of the Transfer Confirmation (Doc. 40-1) that the Confirmation Letter was indeed electronically executed by both parties, Defendant does not contest this assertion.

Transfer Confirmation Letter did not invalidate Plaintiff's jury trial waiver. (Doc. 46.)

## II. STANDARD

"A party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 Fed. App'x 820, 823 (11th Cir. 2006) (unpublished). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id.* at 823–24 (finding that all four factors had been met).

In this case, the Transfer Confirmation letter contains a merger clause. "A merger clause is '[a] contractual provision stating that the contract represents the parties' complete and final agreement and supersedes all informal understandings and oral agreements relating to the subject matter of the contract.'" *Garcia v. Harmony Healthcare, LLC*, No. 8: 20-cv-1065-WFJ-AAS, 2021 U.S. Dist. LEXIS 78975, at *11–12 (M.D. Fla. Apr. 26, 2021) (quoting *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 53 n.1 (Fla. 1st DCA 2005)). However, "[a] merger clause . . . does not conclusively establish that the parties to the final agreement intended to discharge a separate and distinct written contract." *Id.* at *12. For example, a merger clause does not supersede a prior agreement that relates to a different subject matter than that addressed in the integrated final agreement. *Id.*; *see also Yellowpages Photos, Inc. v. YP, LLC*, 418 F. Supp. 3d 1030, 1043 (M.D. Fla. 2019).

## III. DISCUSSION

Neither party disputes that, absent the existence of the Transfer Confirmation letter, the Jury Trial Waiver is valid and enforceable. Thus, the issue for the Court to decide is whether the Jury Trial Waiver is unenforceable through the operation of the Transfer Confirmation letter's merger clause. In order to prevail, Plaintiff must show that the Jury Trial Waiver was a prior understanding between the parties and covered the same subject matter addressed in the Employment Agreement.

The Jury Trial Waiver was a prior agreement between the parties, in that the agreement was between Plaintiff and Defendant. The issue then becomes the extent to which the two agreements pertain to the same subject matter. In the undersigned's view, they do not overlap. The Jury Trial Waiver, as its title indicates, addressed Plaintiff's agreement to waive her right to a jury trial related to employment disputes with Defendant. The Transfer Confirmation letter, on the other hand, addressed Plaintiff's base pay, bonus compensation, paid time off, and other benefits. (Doc. 40-1.) It is silent as to the forum for deciding potential disputes between the parties. It neither discusses a right to a jury trial nor forbids it. Its sole purpose appears to have been to inform Plaintiff of her promotion.

The issue presented in this case is analogous to cases that have examined whether an agreement to arbitrate survives an employment agreement that contains a merger clause. *See, e.g.*, *Garcia*, 2021 U.S. Dist. LEXIS 78975, at *12. In *Garcia*, the court found that the two agreements—the arbitration agreement and the employment agreement—were independent. *Id.* at *14. In its holding, the court concluded that

"[o]ne addresse[d] the substantive terms of the employment relationship between Plaintiffs and Defendants. The other designate[d] the default forum for resolving the disputes arising from that employment relationship." *Id.* Thus, the court concluded, the agreement did not overlap in any significant way and the agreement to arbitrate was still binding and enforceable. *Id.*

Plaintiff essentially asserts that the Transfer Confirmation Letter constituted a novation of the Jury Trial Waiver because it was not incorporated by reference. (Doc. 40 at 2.) "A novation is a mutual agreement between the parties for the discharge of a valid existing obligation by the substitution of a new valid obligation." *Navarette v. Silversea Cruises, Ltd.*, 620 Fed. App'x 793 (11th Cir. 2015) (unpublished). "A contractual novation has four elements: (1) a previously valid contract; (2) agreement of the parties to cancel that contract; (3) a new valid and binding contract; and (4) agreement of the parties that the new contract will replace and extinguish the old one." Here, Plaintiff is unable to point to any evidence that the parties intended to cancel the Jury Trial Waiver, other than pointing to the existence of the merger clause. Therefore, for the reasons set forth above, I find that the Jury Trial Waiver is valid and enforceable.

## IV. CONCLUSION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Defendant's Amended Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 38); and

2. **STRIKE** Plaintiff's demand for a jury trial in her Third Amended Complaint (Doc. 33).

### NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on June 20, 2024.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE